[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11326

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ANTONIO JASPER,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:19-cr-00191-WTM-CLR-1

_____

Before LUCK, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Antonio Jasper appeals his below-guideline 88-month prison sentence for possessing a firearm as a convicted felon. He argues that the government breached its plea agreement by not recommending a sentence at the low end of his guideline range. Because Jasper didn't object to the breach of his plea agreement, and any breach did not affect his substantial rights, we affirm.

In June 2019, Savannah Police Department Officer Justin Anderson was patrolling a motel parking lot at the request of the owner. He noticed a parked car with the front door open and the driver, who turned out to be Jasper, passed out in the front seat. Officer Anderson approached the car to conduct a welfare check. As he did so, he smelled marijuana coming from the car. Jasper woke up, and Officer Anderson told him that he'd smelled marijuana. Jasper admitted to having marijuana inside the car. When Officer Anderson searched the car, he found the marijuana and a scale, as well as a loaded .40-caliber pistol on the driver's side floor of the car. Officer Anderson then placed Jasper under arrest.

Jasper was indicted for possessing a firearm as a convicted felon. In a written agreement, Jasper agreed to plead guilty to the firearm charge in exchange for the government's agreement to recommend a sentence at "the low-end of the guidelines range."

Jasper's guideline range was 100 to 120 months' imprisonment. He requested a downward variance to 21 months, and, at his sentencing hearing, Jasper argued for a variance because: he had a detailed reentry plan that included a job and a place to live; he had a detailed business plan to start a barbecue food truck; he had a sick stepmother and a younger sibling to take care of; he was engaged; he accepted responsibility for his actions and showed remorse; and he wanted to start a nonprofit to help young kids with difficult backgrounds. Jasper explained that he had matured since his earlier felony convictions and he regretted the poor decisions he'd made when he was younger.

The government, for its part, argued that a sentence "within [the] guideline[] range, 100 to 120 months," would allow "justice [to] be meted out." A guideline sentence was appropriate, the government said, because of Jasper's criminal history and the uncertainty of his future plans.

The district court sentenced Jasper to 88 months' imprisonment. The court varied from the bottom of the guideline range, it said, because Jasper had an established work history, he earned a general equivalency diploma, and he had developed a reentry plan after his sentence. Also, the district court explained, Jasper had realized the seriousness of his offense, so a sentence within the guidelines wasn't necessary to deter future criminal conduct.

At the end of the sentencing hearing, the district court asked Jasper if he had "any objections to [its] findings of fact, conclusions

of law, or [the] manner in which the sentence was pronounced." Jasper said that he didn't.

Now, on appeal, Jasper argues that the government breached its plea agreement by not recommending a sentence at the low end of the guideline range as it promised. He concedes that he did not raise the breach-of-plea-agreement issue in the district court and that our review is for plain error.

Jasper is right. "[W]hen, as here, the defendant did not object before the district court that the government breached a plea agreement, we review on direct appeal for plain error." *United States v. Malone*, 51 F.4th 1311, 1318 (11th Cir. 2022). "We find plain error when (1) an error has occurred, (2) the error was plain, and (3) it affected the defendant's substantial rights, and if those prongs are met, we then have discretion to correct the error if it (4) seriously affected the fairness of the judicial proceedings." *Id.* at 1319.

A defendant's substantial rights are affected if the error "affected the outcome of the district court proceedings." *Id.* (quotation marks omitted). This requires the defendant to show that there is a "reasonable probability" that his sentence would be different. *See United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005). "[W]here the effect of an error on the result in the district court is uncertain or indeterminate—where we would have to speculate—the appellant has not met his burden." *Id.* at 1301. In other words, "where the record does not provide any indication that there would have been a different sentence" absent the error,

"the party with the burden of showing a reasonable probability of a different result loses." *Id.* at 1304. A defendant is unable to satisfy the substantial rights prong when the government breaches a plea agreement but the defendant "obtained the benefits contemplated by the deal anyway." *Puckett v. United States*, 556 U.S. 129, 141–42 (2009).

Jasper has failed to meet his burden of demonstrating that, but for the breach, there was a "reasonable probability" that the district court would have imposed a different sentence. *See Rodriguez*, 398 F.3d at 1299. The government's breach of its promise to recommend a sentence at the low end of the guideline range did not prejudice Jasper because the district court ultimately varied downward to impose a sentence twelve months below the low end of the guideline range. Although the government breached the plea agreement, Jasper essentially "obtained the benefits contemplated by the deal anyway." *See Puckett*, 556 U.S. at 141–42. Indeed, Jasper received more than he bargained for in his plea agreement. *See Malone*, 51 F.4th at 1322 (defendant "cannot show that the government's breach of this aspect of the plea agreement violated his substantial rights because" the defendant got everything "the government had agreed to recommend under this part of the plea agreement").

Jasper argues that he has shown a reasonable probability his sentence was affected because the government emphasized his criminal history. But the district court didn't mention Jasper's history as a reason for the 88-month sentence it imposed, so there's

no reason (other than speculation) to believe that it played a part in the district court's sentencing decision. And, in any event, the government's discussion of Jasper's criminal history did not violate the plea agreement. The government agreed to recommend a sentence at the bottom of the guideline range. But the government also agreed "to provide full and accurate information to the [district] [c]ourt . . . for use in calculating the applicable [s]entencing [g]uidelines." It was not a breach of the plea agreement to provide full and accurate information to the district court about Jasper's criminal history. And it was not a breach of the plea agreement to advocate for a sentence above the 21 months Jasper was seeking. The government agreed to recommend a 100-month sentence; it did not agree to tie its hands at the sentencing hearing.

**AFFIRMED.**